UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| GROVER LEE DUNIGAN, )<br>)<br>*Petitioner*, )<br>v. )<br>)<br>TONY PARKER, Warden )<br>)<br>*Respondent*. ) | No. 1:07-cv-150<br>*Mattice/Lee* |

**M E M O R A N D U M**

Petitioner Grover Lee Dunigan ("Petitioner") brings this petition for the writ of habeas corpus under 28 U.S.C. § 2254 [Court File #1]. Before the Court is Tony Parker's ("Respondent") motion for permission to file his motion to dismiss one day late [Court File # 7] and his motion to dismiss [Court File # 8]. Respondent's motion to late-file his motion to dismiss is **GRANTED** [Court File # 7].

After considering the filings of Respondent and Petitioner, the record before the Court, and the applicable law, the Court will **GRANT** Respondent's motion to dismiss [Court File # 8], and will **DISMISS** Petitioner's § 2254 petition [Court File # 1].

**I.   Motion to Dismiss**

In the motion to dismiss, Respondent, without addressing the tolling issue, argues that the petition is barred by the applicable one-year statute of limitation set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA"). Petitioner counters that he is entitled to equitable tolling due to trial counsel's failure to notify him that his direct appeal was completed in January of 2003. Petitioner argues that trial counsel's tardy notification, in late 2004 or early 2005, that the

1

Tennessee Supreme Court had denied his application for permission to appeal on January 27, 2003, prevented him from filing a timely state post-conviction petition or federal habeas petition.

A. **Procedural History**

Petitioner was convicted of first degree murder in the Criminal Court of Hamilton County, Tennessee on March 7, 2001, and received a twenty-five year sentence as a standard, Range I offender. Petitioner pursued a direct appeal. The Tennessee Supreme Court denied his application for permission to appeal on January 27, 2003.

Petitioner filed his state post-conviction petition on January 26, 2005 (Addendum #10, p. 2-14). The state trial court dismissed it as untimely, and the Tennessee Court of Criminal Appeals affirmed the dismissal on February 23, 2006 (Addendum # 10, p17-20; Addendum 13). On June 26, 2006, the Supreme Court of Tennessee denied Petitioner's application for permission to appeal (Addendum # 16). Petitioner filed the instant habeas petition on October 23, 2006.

B. **Facts**

Petitioner bases his argument for tolling of the one-year habeas statute of limitations on the allegation that his trial counsel failed to notify him that his direct appeal was completed. The record contains conflicting evidence as to the date Petitioner received notice that his direct appeal was complete. Petitioner admits counsel mailed him notice that his direct appeal was denied in 2003. The notice was sent in care of his sister, however, who he claims did not relay the information. However, the record does not contain an affidavit from his sister, verifying that she failed to relay the information to him. Indeed, the letter he attached from his trial attorney reflects trial counsel was in constant contact with his sister, who consistently inquired about the status of Petitioner's case.

2

The brief Petitioner submitted in state court states that it was not until late 2004, in response to his inquiry, that trial counsel informed him that the Tennessee Supreme Court had denied his application for permission to appeal. *Dunigan v. State*, 2006 WL 433699, *2 (Tenn. Crim. App. Feb. 23, 2006); *see also* Addendum 11. In his state petition, however, and in the instant habeas petition, he contends that he did not discover the Tennessee Supreme Court had denied his Rule 11 application until January 17, 2005. In any event, the record reflects that Petitioner received notification after the expiration of the one-year statute of limitations for filing a state post-conviction or federal habeas petition had expired.

Petitioner filed a state post-conviction petition in January of 2005, approximately two years after the Tennessee Supreme Court denied his Rule 11 application. The Tennessee courts concluded Petitioner was not entitled to relief based on his claim of negligence on the part of his attorney and dismissed the petition as untimely.

### C. Timeliness of the § 2254 Petition

AEDPA, codified at 28 U.S.C. § 2241, et seq., amended the federal habeas corpus statutes to add a one-year statute of limitation to govern the filing of an application for a federal writ of habeas corpus. The statute of limitation begins to run from the date the petitioner's state judgment of conviction becomes final, or the occurrence of one of three other circumstances, none of which are applicable here. See 28 U.S.C. § 2244(d)(1).[1]

---

[1] Petitioner does not argue that any of the three circumstances are applicable; rather, he argues he is entitled to equitable tolling.

Petitioner's conviction became final and, absent tolling, the one-year habeas statute of limitations commenced on April 28, 2003,[2] upon the lapse of the ninety-day period for filing a petition for certiorari in the Supreme Court seeking review of his direct appeal. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (under §2244(d)(1)(A), the one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired). Petitioner was allowed one year to either file a state post-conviction petition or a federal habeas petition. Because Petitioner did not file a timely post-conviction petition,[3] which would have tolled his AEDPA statute of limitations, the statute expired for filing a habeas petition on April 27, 2004.

**D.     Analysis**

   *1.     Tolling Provision Under 28 U.S.C. § 2244(d)(2)*

Applying 28 U.S.C. § 2244(d) to the instant habeas petition, this petition is untimely. Under § 2244(d)(2), a properly filed state-court petition must be pending in order to toll the limitations period. In the instant case, Petitioner filed his state post conviction petition after the one year expired for filing his habeas petition. "Post-judgment motions filed subsequent to the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *White v. Warden, Southeastern Tenn. Regional Correctional Facility*, 2006 WL 1868153, *2 (W.D. Tenn. July 3, 2006). The tolling provision of § 2244(d)(2) serves only to pause the clock that has not fully

---

[2] Because the last day of the ninety day period fell on a weekend, Petitioner had until the next business day within which to begin counting the commencement of the statute of limitations. *See* Rule 6 of the Federal Rules of Civil Procedure.

[3] Petitioner did not file his state post-conviction petition until January 31, 2005, almost nine months after the expiration of the one-year habeas limitation period.

4

run. Once the one-year limitations period under AEDPA has expired, collateral state petitions can no longer serve to avoid a statute of limitation. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003); *Smith v. Stegall*, 141 F. Supp. 2d 779, 782-83 (E.D. Mich. 2001); *see also Curtiss v. Mount Pleasant Correctional Facility,* 338 F.3d 851, 853-55 (8th Cir. 2003) (where AEDPA's one-year statute of limitation has passed, later filing of post-conviction petition in state court does not toll federal statute, even if petition was timely under state law).

Therefore, Petitioner's untimely state post-conviction petition did not serve to toll the running of the limitation period for filing a federal habeas petition which had previously expired. *See Allen v. Siebert*, ___ U.S. ___, 128 S.Ct. 2 (2007) (A state postconviction petition rejected by the state court as untimely is not properly filed withing the meaning of § 2244(d)(2)). However, Petitioner contends "'Due Process requires the tolling of the statute of limitation ...." (Court File # 1, p. 22). The Court will construe Petitioner's assertion in this regard as an argument that equitable tolling should apply to the statute of limitations relating to his instant petition.

　　　　　　　　2.　　　*Equitable Tolling*

Sixth Circuit case law does permit the invocation of the doctrine of equitable tolling to toll the one-year limitation period applicable to habeas petitions under certain circumstances. *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001) (holding that the test set forth in *Andrews v. Orr,* 851 F.2d 146 (6th Cir. 1988), is applicable to equitable tolling questions in habeas cases). The test for equitable tolling set forth in *Andrews v. Orr* requires the Court to consider the following five factors when determining whether to apply equitable tolling:

　　　　(1)　　　the petitioner's lack of actual notice of filing requirements;

　　　　(2)　　　the petitioner's lack of constructive knowledge of filing requirement;

(3) the petitioner's diligence in pursuing his rights;

(4) absence of prejudice to the defendant; and

(5) petitioner's reasonableness in remaining ignorant of the notice requirement.

*Id.* at 151.

These factors are not necessarily all-inclusive, and not all factors are applicable in every case. *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003). Petitioner bears the burden of showing he is entitled to equitable tolling. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). The doctrine of equitable tolling is used sparingly and, typically, is applied "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *see also Lawrence v. Florida*, 127 S.Ct. 1079, 1085 (2007) (equitable tolling, if available in § 2254 proceedings, is warranted only where "some extraordinary circumstance stood in [a petitioner's] way and prevented timely filing") (citations and internal quotation marks omitted).

Addressing the *Anderson* v. *Orr* factors, Petitioner does not claim he lacked notice of the filing requirement or lacked constructive knowledge of the filing requirement. Rather, Petitioner contends counsel failed to notify him that the Supreme Court denied him permission to appeal from the Court of Criminal Appeals judgment on January 27, 2003, which prevented him from pursuing additional remedies. Therefore, factors one and two weigh against Petitioner.

The diligence factor relates to the filing of the federal habeas petition and to Petitioner exhausting his state court remedies. The time frame at issue here is from January 27, 2003-the date the state supreme court issued its order denying Petitioner's application for permission to appeal-to January 2005-the date Petitioner received notice of the order. The Court's analysis of this factor is

6

guided by the Sixth Circuit's decision in *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002), where the Sixth Circuit concluded that Miller adequately demonstrated he did not have knowledge of the appellate court's decision but that he acted diligently to protect his rights both before and after receiving notice. Although Miller believed the appellate court had not ruled on his application, he did not passively await a decision; instead, nine months after filing his application, he filed a motion with the court requesting that it rule on his previous application. *Id.* at 496.

Here, on the other hand, and even giving Petitioner the benefit of the doubt and assuming he has demonstrated that he did not receive timely notice and did not know about the state court's disposition of his case, there is nothing in the record to reflect that petitioner made any inquiry of the court regarding the status of his appeal. Petitioner claims, without providing any proof, that he inquired of counsel about the status of his appeal, but received no response. There is, however, no evidence that Petitioner subsequently inquired of the court regarding the status of his direct appeal. The Court observes that Petitioner was convicted on March 7, 2001, and apparently waited until January of 2005 to inquire about the status of his direct appeal.

Although equitable tolling excuses an untimely filing when a petitioner could not, despite the exercise of due diligence, timely file his habeas petition, a lawyer's mistake generally does not provide a valid basis for such equitable tolling. *See Jurado v. Burt*, 337 F.3d 638, 644 (6th Cir. 2003) ("Generally, "a lawyer's mistake is not a valid basis for equitable tolling." (citations omitted)); *Fahy v. Horn*, 240 F.3d 239, 244 (3rd Cir. 2001) ("In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."). "Moreover, an attorney's mistake which results in missing the filing deadline imposed by the AEDPA is not a basis for equitable tolling." *Elliott v.*

7

*Dewitt*, No. 00-3329, 2001 WL 523527, at *2 (6th Cir. May 8, 2001) (citations omitted). The Sixth Circuit reached this conclusion even though Elliott argued that neither the court nor his attorney notified him of the court's decision to affirm his convictions in time for him to pursue an appeal. The Sixth Circuit concluded that Elliott failed to monitor the status of his appeal and diligently pursue § 2254 relief. Thus, equitable tolling was not appropriate. *Id.*

The Petitioner here was convicted in 2001 and, although he had received no notice as to the status of his direct appeal, he appears to have "passively awaited" the decision and to have made no attempt to stay informed as to the status of his direct appeal. *See Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005) ("To be certain, the principles of equitable tolling do not extend to "garden variety" claims of excusable neglect on the part of a litigant's attorney."); *LaCava v. Kyler*, 398 F.3d 271, 276 (3rd Cir. 2005) ("LaCava fares no better by implying that counsel was derelict in failing to timely notify him of the state court's disposition. We have stated that '[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling .'") (quoting *Merritt v. Blaine*, 326 F.3d 157, 169 (3rd Cir. 2003) (citations omitted)); Alaska *Limestone Corp. v. Hodel*, 799 F.2d 1409, 1412 (9th Cir. 1986) ("A party has an independent duty to keep informed [as to the status of his case]"). Petitioner did not act reasonably in this respect when he failed to inquire about the status of his direct appeal for over three years. Thus, he has not demonstrated due diligence in pursuing his rights.

There is nothing in the record to indicate Petitioner was ignorant of the legal requirement for filing his claim; accordingly, factor five does not apply. The Court need not determine prejudice to the Respondent since this factor only applies where one factor might justify tolling has already been identified. *Vroman,* 346 F.3d at 605.

Petitioner's allegations do not demonstrate a sufficient basis for equitable tolling of the statute. Petitioner was convicted in 2001; waiting over three years to determine the status of his direct appeal was not an exercise of due diligence in pursuing his rights. Moreover, Petitioner presents no facts supporting any inference that, using due diligence, he could not have discovered that his direct appeal was concluded and pursued his post-conviction remedies within the statutory period mandated by AEDPA. Petitioner claims, without providing any evidence, that he wrote his attorney several letters but did not receive a response. Although Petitioner focuses solely on his attorney's failure to notify him of the disposition of his direct appeal and his efforts to contact counsel, he offers no explanation as to why he did not contact the appellate court to determine the status of his appeal or why he did not file a state post-conviction petition or a § 2254 petition *pro se*, rather than risk filing an untimely petition. Such a course of action would seem to be prudent, since he is apparently knowledgeable about *pro se* filings, having filed his state post-conviction and the instant habeas petition *pro se*. *See Dunigan v. State*, 2006 WL 433699, *2 (Tenn. Crim. App. Feb. 23, 2006).

## II. Conclusion

Petitioner's one year statute of limitations for filing a habeas petition under § 2254 expired on April 27, 2004. Accordingly, the petition, which was filed on or about October 23, 2006, more than two years after the one year statute of limitations had expired, was not timely filed and warrants dismissal as barred by the statute of limitations. Counsel's failure to inform Petitioner his direct appeal was denied does not provide a valid reason under which Petitioner could prove his entitlement to equitable tolling of the statute of limitations.

For the reasons discussed above, Respondent's motion to dismiss the habeas corpus petition will be **GRANTED** [Court File # 8] and this case will be **DISMISSED** [Court File #1].

9

An appropriate judgment will enter.

E N T E R:

    */s/Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE